The rents reserved in the lease from Louis Le Couteulx to Samuel Johnson, to which the plaintiff is entitled by devise, were subject to assessment and taxation under the act of the 13th May, 1846, to equalize taxation. That the lease was executed and the estate for years created before the law took effect, or that there was not, at the time, twenty-one years of the term unexpired, are matters of no moment. The rents were reserved, upon a demise for a term exceeding twenty-one years, and that subjected them to taxation as personal property. The lands out of which the rents issue are situate within the city of Buffalo, of which the defendant is resident; and the only point made upon this appeal is, upon the authority of the common council of that city to impose a tax upon the rent for city purposes. The tax is imposed under the third and fourth sections of title five of the act of the 17th April, 1843, to consolidate and amend the act to incorporate the city of Buffalo, passed April 20th, 1832, c., the latter of which sections directs that the tax "shall be assessed on all the taxable real and personal property within the city, according to the valuation of the same, in the assessment rolls of the current year, filed by the ward assessors in the city clerk's office, after the rolls have been equalized and corrected. Rents reserved upon leases were not taxable until the act of the 13th of May, 1846, took effect. This act is general *Page 455 
in its nature, and has no particular reference to the city of Buffalo: its object being simply to place rents reserved upon certain leases within the list of taxable personal property. We are to determine whether in July, 1847, the time when the present tax was imposed, this species of property within the city of Buffalo was taxable for municipal purposes. The case of TheOntario Bank v. Bunnel (10 Wend., 186), is decisive in favor of the power exercised by the common council. It was there held that the authority given in the charter of the village of Canandaigua to assess the taxes "upon the freeholders and inhabitants of said village, according to law," must be construed to mean, according to the principles and directions of the general tax law existing at the time when the assessment is made and is to be enforced. So, also, I apprehend, the direction in the fourth section of the act to incorporate the city of Buffalo, that the tax "shall be assessed on all the taxable real and personal property within the city," must be construed to mean such real and personal property as is subject to taxation by the general law in force at the time the assessment is made.
The judgment of the Supreme Court should be affirmed.
All the judges concurring,
Judgment affirmed.